UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NATIONAL TRUST INSURANCE COMPANY,                                    Plaintiff,

v.                                                       Civil Action No. 3:14-cv-00394-DJH

HEAVEN HILL DISTILLERIES, INC.,                                     Defendant.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court for consideration of Defendant's motion to stay discovery. (Docket Nos. 16, 19, 22)  For the reasons discussed below, Defendant's motion will be GRANTED.

### I. BACKGROUND

On May 29, 2014, Plaintiff National Trust Insurance Company ("National Trust") commenced the instant suit, seeking a declaration from this Court that it has no duty under the terms of various insurance policies to indemnify or defend Defendant Heaven Hill Distilleries, Inc. ("Heaven Hill") in an underlying lawsuit pending in Ontario, Canada (the "Canadian Litigation").  Diageo Canada, Inc. ("Diageo") filed the Canadian Litigation on March 26, 2014, asserting that Heaven Hill had infringed its Canadian trademark registrations based on alleged similarities in the bottling and labeling of Heaven Hill's "Admiral Nelson's" rum and Diageo's "Captain Morgan" line of spirits.  (Docket No. 1)  In particular, Diageo accused Heaven Hill of either willfully and deliberately infringing its rights in the Captain Morgan trade dress, or having a reasonable basis to suspect that Diageo's rights would be violated.  (D.N. 9-1)

Heaven Hill acquired rights and interest in the Admiral Nelson's label in June 2011. Shortly thereafter, National Trust sold Heaven Hill six insurance policies, each containing

1

commercial liability insurance provisions. Under the terms of the policies, National Trust agreed to pay those sums that Heaven Hill might become legally obligated to pay because of "personal and advertising injury," and assumed the duty to defend Heaven Hill against any suit in which it was alleged that Heaven Hill was liable for damages caused by a personal or advertising injury. Heaven Hill timely notified National Trust of the Canadian Litigation and requested that it defend and indemnify Heaven Hill in accordance with the provisions of the applicable insurance policies. Subject to a reservation of rights, National Trust conditionally acknowledged and responded to its duty to provide Heaven Hill with a defense in the Canadian Litigation. (D.N. 16)

Thereafter, National Trust filed the present lawsuit seeking a declaratory judgment that it has no duty to indemnify or defend Heaven Hill in the Canadian Litigation under any of its insurance policies. National Trust alleges that coverage for the Canadian Litigation is barred by a number of different provisions of the relevant insurance policies. One of those provisions is an exclusion that bars coverage for any conduct that constitutes a knowing violation of the rights of another. National Trust alleges that Heaven Hill knowingly or willfully infringed upon Diageo's product trade dress, thereby relieving National Trust of its duty to indemnify or defend Heaven Hill. (D.N. 1)

Heaven Hill asserts that discovery and other proceedings on the issue of whether it knowingly or willfully violated Diageo's rights would prejudice its position and defense in the Canadian Litigation. Furthermore, Heaven Hill argues that permitting National Trust to attempt to discover and prove in this case that Heaven Hill knowingly violated Diageo's legal rights, while maintaining an obligation to defend Heaven Hill in the Canadian Litigation, is an irreconcilable conflict of interest. Thus, Heaven Hill claims that the only way to ensure that its

2

defense in the Canadian Litigation is not unduly prejudiced by proceedings in this action is to stay all discovery and proceedings relating to the issue of knowing or willful infringement pending the resolution of that issue in the Canadian Litigation. (D.N. 16)  In its response, National Trust asserts that should a stay be granted, it would be more severely and irrevocably prejudiced than Heaven Hill. (D.N. 19)

## II. STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Particularly, a district court is authorized, in the sound exercise of its discretion, to stay an action seeking declaratory judgment upon considerations of practicality and wise judicial administration. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Courts may exercise this broad discretion so long as the moving party makes out a clear case of hardship or inequity in being required to go forward and the opposing party will not suffer substantial prejudice. *Cochran v. United Parcel Serv., Inc.*, 137 F. App'x 768, 772 (6th Cir. 2005); *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Especially in cases involving insurance coverage litigation and the coordination of multiple related claims, a court may take reasonable actions to maintain control of its docket in order to promote judicial economy and efficiency and to minimize confusion and conflict. *See* Manual for Complex Litigation (Fourth) § 20 (2004); *see also* 75 Am. Jur. 2d Trial § 21.

## III. DISCUSSION

Courts weighing a stay based on related foreign litigation have balanced multiple factors, including "the similarity of the issues, the order in which the actions were filed, the adequacy of the alternate forum, the potential prejudice to either party, the convenience of the parties, the

connection between the litigation and the United States, and the connection between the litigation and the foreign jurisdiction." *Pexcor Mfg. Co. v. Uponor AB*, 920 F. Supp. 2d 151, 153 (D.D.C. 2013) (citation omitted); *see also Ronar, Inc. v. Wallace*, 649 F. Supp. 310, 318 (S.D.N.Y. 1986). The Court finds the *Pexcor* guidelines to be instructive and will look first at the issue of prejudice.

Heaven Hill asserts that its defense in the Canadian Litigation would be unduly prejudiced if a stay were not issued in this matter. The Court finds merit in this claim. In the present action, National Trust seeks to prove what it may be contractually obligated to disprove in the Canadian Litigation. Allowing National Trust to attempt to discover and show in this case that Heaven Hill knowingly or intentionally violated Diageo's legal rights while maintaining an obligation to defend Heaven Hill in the Canadian Litigation is problematic and presents a potential conflict of interest. Without a stay, National Trust's interests would effectively be aligned with those of the plaintiffs in the Canadian Litigation, thereby preventing Heaven Hill from receiving a fair defense. Moreover, as both parties acknowledge, Diageo could succeed on its underlying claims without proving intentional conduct and might therefore abandon its efforts to do so. As a result, National Trust contends that it is intent on proving the deliberateness of Heaven Hill's conduct. National Trust cannot be found to be fulfilling its duty to defend Heaven Hill free of prejudice while simultaneously compelling it to litigate on two-fronts: both against the plaintiffs in the Canadian Litigation and against National Trust in this case.

The Court has also considered the potential prejudice to National Trust and finds that any such prejudice would be minimal by comparison. Heaven Hill's request for a stay relates to only

one issue in this matter.[1]  However, National Trust claims that numerous different provisions of the insurance policies at issue preclude coverage.  Thus, a stay of discovery related to whether Heaven Hill willfully or knowingly infringed Diageo's trade dress would not preclude National Trust from attempting to show that other provisions of the policies bar coverage.  Given the relative positions of the parties, the issue of undue prejudice weighs in favor of a stay.

As in *Pexcor*, we will consider whether this action and the Canadian Litigation are sufficiently similar.  *See Pexcor Mfg. Co.*, 920 F. Supp. 2d at 153.  Suits are generally considered similar if substantially the same – although not necessarily identical – parties litigate substantially the same issues in different forums.  *See Romine v. Compuserve Corp.*, 160 F.3d 337, 339-40 (6th Cir. 1998).  The parties in the instant suit are both connected to the Canadian Litigation.  Moreover, both cases stem from the same set of underlying facts.  The declaratory judgment suit seeks a finding that coverage for the Canadian Litigation is barred by a number of different provisions of the insurance policies, including an exclusion that bars coverage for conduct that constitutes a knowing violation of the rights of another.  In the Canadian Litigation, Diageo claims damages under Canadian law for trademark violation, based in part on Heaven Hill's knowing or willful violation of that law.  Similar, if not identical, issues surround both cases.  Thus, the similarities between the two actions weigh in favor of a stay.  Additionally, a decision in the Canadian court regarding the willfulness of Heaven Hill's conduct might narrow the issues in this case.

Finally, the Court notes the order in which the cases were filed and the relative progress of each case.  Like the other *Pexcor* factors, this one also weighs in favor of a stay.  *See Ronar*,

---

[1] Heaven Hill's motion requests only a partial stay.  However, the Court is aware that it may be difficult for National Trust to proceed in this action if it is required to disaggregate its claims and arguments.  Thus, the Court will direct the parties to confer with the Magistrate Judge regarding how to best continue with this matter following entry of a partial stay.

5

649 F. Supp. at 318.  Courts typically defer to proceedings that are already underway, preferring not to begin anew in a second forum.  *See, e.g.*, *Romine*, 160 F.3d at 341-42.  Here, the Canadian Litigation was filed before the present declaratory judgment matter.  Similarly, counsel in this matter have informed the Court of the relative progress of the Canadian Litigation and they anticipate a resolution of that suit by the end of 2016.  This timeline appears roughly commensurate with a resolution of the present action which has made little substantive advancement.  This also comports with the Sixth Circuit's view that declaratory judgment actions seeking advance opinions on coverage and indemnity issues are "seldom helpful in resolving an ongoing action in another Court."  *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004) (citation omitted).

## IV.  CONCLUSION

Without a stay of this action, Heaven Hill would likely be forced to simultaneously litigate the same issue both here and in the Canadian Litigation, resulting in prejudice to the parties, waste of judicial resources, and risk of inconsistent judgments.  The balance of the relevant factors weighs in favor of granting a temporary stay.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendant's motion to stay is GRANTED.  Discovery and other proceedings in this case relating to the question of whether Heaven Hill willfully or knowingly violated the rights of Diageo Canada, Inc. shall be temporarily stayed pending the resolution of the underlying lawsuit pending in Ontario, Canada, or until further Order of this Court;

**IT IS FURTHER ORDERED** that the parties shall file joint status reports at three-month intervals from the date of entry of this Order regarding the status of the Canadian Litigation;

**IT IS FURTHER ORDERED** that the parties shall jointly contact Magistrate Judge Colin H. Lindsay's chambers within fourteen (14) days of the date of entry of this Order to schedule a status conference to discuss the impact of this partial stay on the litigation in this matter going forward.

April 27, 2015

**David J. Hale, Judge**
**United States District Court**